**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**PIERRE GEDEON, #L03948**

    **Plaintiff,**

**vs.**                                               **Case No.  4:15cv139-RH/CAS**

**LINDA COUNCE, et al.,**

    **Defendants.**
_____/


**REPORT AND RECOMMENDATION**

This cause is before me upon referral from the Clerk.  In an order filed April 15, 2015, Plaintiff was directed to submit an initial partial filing fee in the amount of $6.00 by May 18, 2015, and instructed the agency having custody of Plaintiff to forward the balance due of the filing fee in monthly payments from Plaintiff's account, pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  Plaintiff was advised that his failure to comply with that order would result in a recommendation of dismissal of this action.  Doc. 6.  On May 6, 2015, Plaintiff filed a motion to waive the partial filing fee or alternatively extend the time period to pay the initial partial filing fee. Doc.. 7.  On May 7, 2015, Plaintiff's motion was granted and the time for submitting the

partial filing fee was extended to June 10, 2015. Doc. 8. On June 9, 2015, Plaintiff filed another Motion to Extend Time to submit the partial filing fee, doc. 9, which was granted on June 10, 2015, and the time extended to July 10, 2015. Doc. 10. To date, no response has been received from the Plaintiff.

    A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). Failure to pay an assessed initial partial filing fee is grounds for dismissal. Wilson v. Sargent, 313 F.3d 1315, 1318, 1322, n.7, *citing* Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir. 1983). Plaintiff did not comply with orders of this court, and failed to respond to the order. His complaint should now be dismissed without prejudice.[1]

    Plaintiff shall have a 14-day period after service of this report and recommendation in which to file objections. This will also afford Plaintiff a final opportunity to show good cause for his failure to respond. Plaintiff may do so by a motion for reconsideration which will be referred to me by the Clerk.

---

[1] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee in this case. Thus the court's order granting leave to proceed *in forma pauperis*, in which plaintiff was directed to submit the initial partial filing fee and the agency having custody of plaintiff was instructed to forward monthly payments from Plaintiff's prison account towards the balance due of the filing fee, remains in effect.

Case No. 4:15cv139-RH/CAS

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of the proposed factual findings and recommendations.